ENTERED
12/07/2007

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| EAGLE BROADBAND, INC., | ) | CASE NO. 07-80605-G3-11 |
| | ) | |
| Debtors, | ) | (JOINTLY ADMINISTERED) |
| | ) | |

MEMORANDUM OPINION

The court has held a hearing on the "Debtor's Application for Authority to Employ Bettison, Doyle, Apffel & Guarino, P.C. as § 327(e) Special Corporate Counsel for Debtor-In-Possession" (Docket No. 14) and the "Debtors' Amended Application for Authority to Employ Bettison, Doyle, Apffel & Guarino, P.C. as § 327(e) Special Corporate Counsel for Debtor-In-Possession" (Docket No. 83).  The following are the Findings of Fact and Conclusions of Law of the court.  A separate Judgment will be entered denying the motions.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Eagle Broadband, Inc. and eleven of its' subsidiaries[1] (collectively, "Debtors") filed voluntary petitions under Chapter 11 of the Bankruptcy Code on November 14, 2007.  The cases were jointly administered, and designated as a Complex Chapter 11 case, by orders entered November 16, 2007.  Debtors remain as debtors in possession, pursuant to Section 1107 of the Bankruptcy Code.

In the instant applications, Debtors seek authority to employ the law firm of Bettison, Doyle, Apffel & Guarino, P.C. ("BDAG") as special counsel, pursuant to 11 U.S.C. § 327(e).  The services Debtors anticipate BDAG to render include:

a)   Negotiating and termination of contracts;

b)   Addressing shareholder inquiries and stock transfer agent relations;

c)   Obtaining debtor-in possession financing;

d)   Obtaining a new office lease arrangement;

e)   Obtaining D&O insurance financing, which has already been accomplished;

f)   Negotiating the sales of certain assets and businesses of Debtors;

---

[1]The subsidiaries are Atlantic Pacific Communications, Inc.; Clearworks Communications, Inc.; Clearworks Home Systems, Inc.; Clearworks.Net, Inc.; Eagle Broadband Services, Inc.; EToolz, Inc.; Link-Two Communications, Inc.; Northpointe Telecom Services, LLC; UCGI Corporation; and United Computing Group, Inc.

g)    Fulfilling SEC filing requirements, although the Debtors do not anticipate further SEC filings at this time;

h)    Gathering information for schedules and statement of financial affairs related to the bankruptcy proceeding; and

i)    Advising on general business issues when such issues are not more easily addressed by bankruptcy counsel.

(Docket No. 83).

Jeff Adams, an attorney with BDAG, testified that he was in-house counsel for Debtors from September, 2005 through May, 2007.  He testified that, when he became employed as in-house counsel, he determined that the corporate officers listed for several of the Debtors were out of date.  He testified that Debtors appointed Dave Micek as president, and Adams as secretary, with respect to several of the Debtors.

Adams testified that, before he was employed by Debtors, Celia Figueroa, who had previously been counsel for one or more of the Debtors prior to their merger with others of the Debtors in 2001, became Debtors' in-house counsel.  He testified that Figueroa resigned in 2003, and Debtors' SEC filings were prepared by outside counsel until he became in-house counsel in 2005.

Adams testified that he resigned as in-house counsel for Debtors in May, 2007, and went to work at BDAG.  He testified that he never formally resigned as secretary of the subsidiaries

for which he had been secretary.  He testified that Micek resigned from Debtors in the summer of 2007.

Adams testified that he believes the subsidiaries of which he was secretary are presently without any officers.  He testified that, although Debtors' securities are publicly traded, he anticipates that Debtors will not maintain their filings with the SEC.  He testified that he desired the dissolution of several of the subsidiaries, but was unable to dissolve them, due to a pending state sales tax audit of the various entities.

In the affidavit attached to the initial application, Adams failed to disclose that he was secretary of Atlantic Pacific Communications, Inc., Link-Two Communications, Inc., UCGI Corporation, United Computing Group, Inc., EToolz, Inc., Clearworks Communications, Inc., and Clearworks.net, Inc. (Docket No. 14).  In the amended application, Adams disclosed that he was appointed as the corporate secretary of these entities.  (Docket No. 83).

The instant application is opposed by the Texas Comptroller of Public Accounts, on grounds Adams has failed to disclose his appointment as corporate secretary of some of the Debtors, and he may become a fact witness if alter ego or single business enterprise issues arise in the case.

With respect to the issue of Adams' potential appearance as a fact witness, Adams testified that he does not

anticipate seeking compensation for his efforts as a fact
witness.

Conclusions of Law

Section 327(e) of the Bankruptcy Code provides:

> The trustee, with the court's approval, may employ, for
> a specified special purpose, other than to represent
> the trustee in conducting the case, an attorney that
> has represented the debtor, if in the best interest of
> the estate, and if such attorney does not represent or
> hold any interest adverse to the debtor or to the
> estate with respect to the matter on which such
> attorney is to be employed.

11 U.S.C. § 327(e).

Although Section 327(e) does not require that proposed
special counsel be "disinterested," the Fifth Circuit has held
that the phrase "does not represent or hold any interest adverse
to the debtor or to the estate" requires a factual determination,
based on the specific facts of each case, and with attention to
circumstances which may impair a professional's ability to offer
impartial, disinterested advice to his or her client.  In re West
Delta Oil Co., 432 F.3d 347 (5th Cir. 2005).

In the instant case, Adams has failed to adequately
disclose his service as corporate secretary of several of the
Debtors.  Although Adams' second affidavit (which was filed only
after the Texas Comptroller objected to the first application)
does state that Adams was appointed as corporate secretary, the
second affidavit still does not address the question of whether
Adams may still be the secretary of those corporations.  Instead,

Adams states that he was appointed as secretary "until I resigned as EBI's in-house counsel on May 31, 2007."  The court makes no determination at this time as to whether Adams remains the corporate secretary, but Adams continues to fail to disclose information which might be considered adverse to his representation.

The possibility that one or more of the Debtor entities might conceivably be found liable for debts of another, whether under the putative alter ego and single business enterprise theories advanced by the Texas Comptroller, or under the pending tax audit, makes even more important the court's determination that any attorney representing the estate for a special purpose not have factual knowledge which might be brought to bear in a contested proceeding.  The court concludes that BDAG should not be approved as special counsel for Debtors.

Based on the foregoing, a separate Judgment will be entered denying the "Debtor's Application for Authority to Employ Bettison, Doyle, Apffel & Guarino, P.C. as § 327(e) Special Corporate Counsel for Debtor-In-Possession" (Docket No. 14) and the "Debtors' Amended Application for Authority to Employ Bettison, Doyle, Apffel & Guarino, P.C. as § 327(e) Special Corporate Counsel for Debtor-In-Possession" (Docket No. 83).

Signed at Houston, Texas on December 6, 2007.

_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE