IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) ) ) | |
| EAGLE BROADBAND, INC., ET AL., | ) ) | CASE NO. 07-80605-G3-7 |
| Debtors, | ) ) ) | JOINTLY ADMINISTERED |

MEMORANDUM OPINION

The court has held a hearing on the "Trustee's Emergency Motion to Sell Assets of the Estate Free and Clear of Liens Under 11 U.S.C. § 363" (Docket No. 679).  The following are the Findings of Fact and Conclusions of Law of the court.  A separate Judgment will be entered denying the motion without prejudice.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Eagle Broadband, Inc. and eleven of its' subsidiaries[1] (collectively, "Debtors") filed voluntary petitions under Chapter 11 of the Bankruptcy Code on November 14, 2007.  The cases were converted to Chapter 7 by order entered February 4, 2009.  Robbye

---

[1] The subsidiaries are Atlantic Pacific Communications, Inc.; Clearworks Communications, Inc.; Clearworks Home Systems, Inc.; Clearworks.Net, Inc.; Eagle Broadband Services, Inc.; EToolz, Inc.; Link-Two Communications, Inc.; Northpointe Telecom Services, LLC; UCGI Corporation; and United Computing Group, Inc.

R. Waldron ("Trustee") is the Chapter 7 Trustee.

In the instant motion, Trustee seeks to sell 300 receivers, plus satellites, processors, servers, and other computer equipment located in Miami, Florida, and previously used in the delivery of internet protocol television services.  The terms of the proposed transaction call for the proposed purchaser, FrontGate Networks, LLC ("FrontGate"), to pay $200,000 cash for the assets.

In the instant motion, Trustee asserts that the proposed transaction calls for reimbursement to FrontGate of power and rent payments, costs of an engineer, and post-conversion attorney fees, in the event FrontGate is not the purchaser of the assets.

In support of the instant motion, Trustee testified that FrontGate's offer calls for it to pay $200,000 plus the approximately $38,500 in expenses to restore the equipment to operation.  He testified that the estate's recovery is likely subject to be reduced by approximately $27,700 for payment of a tax lien.

Trustee testified that, in order to market the assets addressed in the instant motion, he contacted Brian Morrow, the Chief Operating Officer of Debtors on the petition date.  He testified that he contacted potential purchasers identified by Morrow, and "various parties," seeking bids for purchase of

assets.

Trustee testified that, on the petition date, Debtors valued the assets addressed in the instant motion, plus several content contracts, at $1.1 million. He testified that, while the case was in Chapter 11, Debtors received an offer to purchase the assets plus the content contracts for approximately $700,000. He testified that he believes the content contracts have substantially more value than the assets addressed in the instant motion.

## Conclusions of Law

A sale of property of the bankruptcy estate not in the ordinary course of business is governed by Section 363(b)(1) of the Bankruptcy Code, which provides in pertinent part:

> The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate.

11 U.S.C. § 363(b)(1).

A Trustee seeking to sell property of the bankruptcy estate not in the ordinary course of business pursuant to Section 363 must articulate a sound business justification for the proposed transaction. In re Continental Airlines, 780 F.2d 1223 (5th Cir. 1986).

In the instant case, Trustee's testimony does not indicate the universe of potential purchasers from which Trustee selected to contact only those identified by Morrow and "various

parties," or the degree to which Trustee could form a reasonable belief that his marketing efforts would result in the highest price for the estate assets.  In addition, there was no explanation of the apparent variance between Trustee's testimony and the instant motion as to the terms of the propopsed transaction.  The court concludes that Trustee has not satisfied his burden of proof as to the reasonableness of the terms of the proposed transaction.

      Based on the foregoing, a separate Judgment will be entered denying without prejudice the "Trustee's Emergency Motion to Sell Assets of the Estate Free and Clear of Liens Under 11 U.S.C. § 363" (Docket No. 679).

      Signed at Houston, Texas on April 9, 2009.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE